JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Darlene Darden appeals her sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate the sentence and remand the case.
 {¶ 2} Darden stole the purse of a 77-year-old woman while she shopped at ALDI'S. Darden went across the street to Wal-Mart and used the victim's credit card to purchase $733 worth of merchandise. Darden forged the victim's signature, but was caught unloading her purchases into her trunk.
 {¶ 3} Darden was charged with two counts of theft in violation of R.C. 2913.02, with elderly specifications; one count of misuse of credit cards in violation of R.C. 2913.21; one count of forgery in violation of R.C. 2913.31; and one count of uttering in violation of R.C. 2913.31. Darden pled guilty to one count of theft with an elderly specification, a felony of the fourth degree; one count of misuse of credit cards, a felony of the fifth degree; and one count of uttering, a felony of the fifth degree. The remaining counts were dismissed by the state.
 {¶ 4} Darden was sentenced to the maximum sentence of 18 months on the theft charge. That sentence was ordered to run consecutive to the 12 months ordered on the remaining two charges, which were ordered to run concurrent to each other. Darden was sentenced to a total of 2½ years in prison. She now appeals her sentence, advancing one assignment of error for our review.
 {¶ 5} "Darlene Darden has been deprived of her liberty without due process of law by both the consecutive sentences imposed on her and by the sentences which exceed the minimum terms of imprisonment as said sentences do not comport with Ohio's new sentencing structure."
 {¶ 6} Darden argues that her sentence is contrary to law. Darden contends that when the trial court sentenced her to more than the minimum sentences, as well as imposing consecutive sentences, the trial court erred because the sentences were not adequately supported by the necessary findings required in Senate Bill 2.
 {¶ 7} In light of the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we vacate the sentence and remand the case for a new sentencing hearing. The Foster court, following Blakely v. Washington
(2004), 542 U.S. 296, held that the sections that required judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or by admission of the defendant are unconstitutional. The Foster court concluded that a trial court has full discretion to impose a prison term within the statutory range and is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id.
 {¶ 8} "Under R.C. 2929.19 as it stands without (B)(2)[which was ruled unconstitutional and severed], the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id., citing United Statesv. DiFrancesco (1980), 449 U.S. 117, 134-136, 101 S.Ct. 426,66 L.Ed.2d 328.
 {¶ 9} Accordingly, Darden's sole assignment of error is sustained.
 {¶ 10} Sentence vacated and case remanded for resentencing.
 {¶ 11} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Blackmon, J., concur.